Frank J. Pino, J.
Defendants Janet Tuthill and Robert Tuthill move to vacate the service upon them of the summons and complaint and to dismiss this action as to them upon the ground that this court does not have jurisdiction over their person. The causes of action are for personal injuries and property damage sustained by plaintiffs Morton Chaitman and Ina Chaitman arising out of the alleged negligence of Robert Tuthill in his operation of the automobile owned by the defendant Janet Tuthill, which collided with the car owned and operated by Morton Chaitman in which Ina Chaitman was a passenger.
The accident occurred on October 3, 1964, in the City of Sharon, County of Litchfield, State of Connecticut. Defendants Janet Tuthill and Robert Tuthill are residents of the State of Connecticut and plaintiffs are residents of the State of New York.
Plaintiffs, claiming that the defendant operator of the Tuthill car was negligent in driving while intoxicated and under the influence of liquor, allege that prior to the accident, one Louis L. Jaycox, a party defendant herein and the owner and operator of a tavern known as Log Cabin Restaurant located in the Town of Amenia, State of New York, there “ caused and contributed to the intoxication of said defendant Robert Tuthill by selling intoxicating liquors and alcoholic beverages to bim although said defendant Louis L. Jaycox, his agents, servants and/or employees knew, or could ascertain by observation of said defendant Robert Tuthill that he was then and there under the influence of liquor and intoxicated.” Plaintiffs further allege that thereafter the defendant Robert Tuthill drove his vehicle, while intoxicated, in the State of New York and crossed the State line into Connecticut, where the accident happened.
In opposing this motion, plaintiffs contend that although the ultimate injuries occurred in the State of Connecticut, nevertheless the tortious act was committed by the defendant Robert Tuthill in the State of New York where he became voluntarily intoxicated and undertook to operate a motor vehicle while in that condition; and therefore defendants are subject to the jurisdiction of this court pursuant to the provisions of CPLR 302 (subd. [a]), known as the “ long-arm ” statute.
Our Court of Appeals, in the landmark cases of Longines-Wittnauer v. Barnes S Reinecke, Feathers v. McLucas, and *92 Singer v. Walker (15 N Y 2d 443), decided together, has defined the phrase "commits a tortious act within the state,” as set forth in CPLR 302 (subd. [a], par. 2). In the Feathers case, two New York residents sustained personal injuries when a tractor-drawn propane gas tank exploded on a public highway near their home. They sued, among others, the out-of-State manufacturer of the tank for alleged negligence in its improper design and assembling which occurred in Kansas. In the Singer ease, a New York resident was injured in Connecticut by a geologist’s hammer and sued an Illinois manufacturer who, it was claimed, defectively made and mislabeled it in that State and distributed it in New York where it was purchased by plaintiff’s aunt. Though, in the Singer case, the court ultimately upheld jurisdiction within the “ transacts any business ” clause of CPLR 302 (subd. [a], par. 1), in both these cases the court decided that jurisdiction could not be invoked upon the basis of a tortious act committed within the State. In arriving at its conclusion the court stressed first, the intent of the draftsmen of 302 (subd. [a]), stating (p. 460) that in a cited report they “pointedly announced that their purpose was to confer on the court £ personal jurisdiction over a nondomiciliary whose act in the state gives rise to a cause of action ’ ”. Second, it noted “ the plain language of the statute.” It thus confined “ commits a tortious act within the state ” to its literal meaning (see The Reach of New York’s Long-Arm Statute: — Today and Tomorrow, by Prof. Adolf Homburger, Buffalo L. Rev., Fall, 1965, 61, 64, reprinted N. Y. L. J., Dec. 28, 1965, p. 4, col. 1 et seq.) and held that where the actual or original tortious act does not occur in New York, the consequent events or contacts in New York (in the Feathers case: the injury; and in the Singer case: the distribution of the defective hammer and improper label) may not be the basis of jurisdiction.
In the case at bar, clearly the alleged tortious act of the defendant Robert Tuthill is the negligent manner of the operation of his vehicle at the time and place of the accident, and it was committed in the 'State of Connecticut. The said defendant’s act in New York (becoming intoxicated and driving in such condition there), while it may have some causal nexus with the accident is not the act, within the expressed purpose of the draftsmen of CPLR 302 (subd. [a]), which gives rise to a cause of action.”
In the light of the reasoning of our highest court in the Feathers and Singer cases, and its rejection of more compelling jurisdictional grounds than here presented, the events which occurred in New York cannot be the basis for subjecting defend *93 ants Janet Tuthill and Robert Tuthill to the jurisdiction of this court.
The motion to vacate the service of the summons and complaint and to dismiss the complaint as to said defendants is granted.